## No. 606
### WHITE v. KANE
No. 19163.  Supreme Court

On motion to certify.  Dock.  May 23, 1925; 3 Abs. 341.

385.  DEPOSITIONS—Should they be permitted to be introduced where witness is residing in city on day of trial, and it is claimed she is ill, though said statement is unsupported by physician?

Mary White brought her action in the Cuyahoga Common Pleas against Abraham Kane, claiming that Kane so carelessly and negligently operated an automobile that he ran into her, threw her to the ground, and caused her to sustain severe injuries.

Kane filed an answer by way of general denial and pleaded certain Cleveland ordinances, claiming that she violated said ordinances in regard to crossing streets on cross walks; and she being contributory negligence was barred from recovery.  White claimed that said ordinances were invalid and illegal, and would not constitute a valid defense.  Trial was had to a jury who returned a verdict in favor of Kane, upon which judgment was duly entered.  Error was prosecuted and the Court of Appeals affirmed the judgment of the lower court.

The case was taken to the Supreme Court on a motion to certify, and it is contended that the court erred in allowing defendants to introduce depositions taken of one, Mary Webster; that the Court erred in permitting the introduction of certain ordinances of Cleveland over White's objection; and that the court erred in its charge to the jury.

It is also claimed that Kane brought in the depositions of one of his witnesses, Mary Webster, said Webster residing in the city at the time of trial.  Also, that the introduction of this deposition was contrary to the meaning of 11525 GC. providing when a deposition may be used; and that said deposition was not filed prior to the date of trial as provided by 11544 GC.  It is claimed that statement of defendant's counsel of Webster's infirmity and illness was unsupported by a physician and was repudiated by testimony of the witness herself.  That the jury was entitled to hear testimony of Webster, if she was able to come to court and judge her appearance and demeanor on the witness stand.

It is claimed that the ordinances do not apply to the case at bar, because they are vague, and indefinite, and are impossible of compliance by a pedestrian.  Under this assignment of error two questions are raised: first, what is a street intersection and second, what should be considered a cross-walk?  It is argued that if there was something to designate a particular place for pedestrians to cross said ordinance would be valid and enforceable.  Where no cross walk is so designated, it is argued that a pedestrian cannot be expected to walk within a certain distance of an imaginary line without violating the ordinance.

It is claimed that the court in charging should have explained the meaning of cross-walks and street intersections; that if White violated any of the ordinances she could not recover.

Attorneys—J. B. Dworken, for White; Rothenberg, McMorris & Smith for Kane; all of Cleveland.

---

## No. 607
### STATE ex. v. CAPITOL CITY RACING CO.
No. 19140.  Supreme Court.

In Quo Warranto Dock.  May 12, 1925; 3 Abs. 329.

873.  OUSTER—Misuse of franchise in violation of law.

The State ex rel Charles C. Crabbe, Attorney General, brings action against the Capitol City Racing Co., in quo warranto.  It is contended that the Racing Company operates two speedways for the purpose of recreation and amusement and holding meets therein with horses and vehicles, and doing all things necessary for the transaction of its business.  It is claimed that the defendant will use, unless restrained by order of the court, in connection with said meets and on said grounds, apparatus, books and other devices for recording wagers and selling pools upon the result of trials and contests of speed and power of endurance of horses.

It is declared that wagers are conducted, the purchasers of wagers and pools receiving coupons, which are redeemed by the defendant if the purchaser thereof is successful and money is paid to said purchasers in accordance with the conditions and terms of said wagers.

It is averred that defendant has misused, and hereafter, unless prevented by order of this court, will continue to misuse, its franchises, privileges and rights conferred upon it by law.  Said violations of the statutes of Ohio, in such case made and provided are willfully, habitually and persistently pursued in defiance of law.

Wherefore it is prayed that the court find that the defendant has misused its franchises, privileges and rights conferred upon it by law and that a judgment of ouster may be entered and that the court, pursuant to the authority conferred by 12325 GC. appoint trustees to liquidate the affairs of the Capitol City Racing Co.

Attorneys—C. C. Crabbe, Atty. Gen., H. H. Griswold, and W. E. Benoy, Columbus, for State ex